[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellants, Roger and Lillian Shinkiewicz, under the provisions of General Statutes § 8-8 (d), appeal from the decision of the Canterbury Planning and Zoning Commission (Commission) granting a special use permit allowing the operation of a gravel excavation business on property located on Butts Bridge Road, Canterbury. On August 24, 2000, the court held an evidentiary hearing on this administrative appeal.
 I
The plaintiffs are statutorily aggrieved by the decision of the Commission. They both own property which either abuts or is within 100 feet of the property which was the subject of the special use permit application. Section 8-8 (a)(1) expressly confers aggrievement status on such owners.
 II
In their brief, the appellants identify four grounds of appeal, viz, that the decision was invalid because two voting members of the Commission, who had each missed a session of the public hearings on this application, failed to familiarize themselves adequately with the evidence adduced; that one member engaged in an improper ex parte communication with a witness; that the decision to issue the permit violated Canterbury Zoning Regulation § 4.13.6; and that the decision violated Canterbury Zoning Regulation § 8.4.5. Because the court determines that the CT Page 9857 appellants' first claim is dispositive, this memorandum only addresses that ground.
The court finds the following facts. The public hearing pertaining to this application for special use permit began on December 10, 1998, was continued to January 21, 1999, and again to February 4, 1999. On February 11, 1999, the commission voted to issue the permit. Commission members Stephen Dugas and Mark Weeks voted to approve the permit. Weeks had missed the December 10 meeting, and Dugas missed the January 21 session.
Also, at the December 10 hearing, the Commission decided that its members would physically walk the site. Neither Dugas nor Weeks participated in that viewing.
Dugas attempted to educate himself as to the doings of the January 21 meeting by listening to the tape recording of that session and examining the plans, surveys, and reports submitted by the applicants. At that meeting Roger Shinkiewicz made a slide presentation to explicate why the. application ought to be denied. Also, twenty neighborhood residents submitted letters explaining their individual oppositions to the application. Dugas personally observed, from Butts Bridge Road, the area proposed as the entrance to the gravel operation, but did not walk the site.
Weeks listened to the tape recording of the December 10 hearing. He made no visit to the site. He also reviewed none of the twenty opposition letters. He did examine the applicant's plans and the reports, maps, and surveys offered as exhibits.
Neither Dugas nor Weeks particularly discussed the contents of the opposition letters or the impressions of the site walk with other members. Dugas never received any summary or description of the appellants' slide presentation except as mentioned in the tape recording he reviewed.
There is no requirement under General Statutes § 8-3c that a member must be present at the entire public hearing before that member can validly vote to approve a special use permit as long as that member sufficiently acquaints himself or herself with that proceeding, Lauer v.Zoning Commission, 220 Conn. 455, 469-70 (1991); The burden of proof rests on the party attacking the Commission's decision to show inadequate acquaintance, Id.
One of the issues the Commission in this case had to resolve was whether the proposed gravel operation was prohibited by Canterbury Zoning Regulation § 4.13.6 which proscribes "any activity which produces CT Page 9858 unreasonable noise, odors, vibrations, fumes, electrical interference, or other noxious effects considered objectionable to the residents of the area." The twenty opposition letters from area residents bore on this issue as did the slide demonstration. The failure of Dugas and Weeks to apprise themselves of the contents of the neighbors' complaints by reading the letters or acquiring summaries of their contents in some fashion constitutes a glaring deficiency. unless these letters were considered by Dugas and Weeks, their judgment as to the nature, extent, and reasonableness of these objections to the permit remained uninformed. Informed judgment necessitates reasonable familiarity with the issues, arguments, and evidence bearing on a decision, Dana-Robin Corp v. CommonCouncil, 166 Conn. 207, 216 (1974); Loh v. Planning and ZoningCommission, 161 Conn. 32, 41 (1971).
The court concludes that the appellants have satisfied their burden of demonstrating, by a preponderance of the evidence, that Dugas and Weeks were insufficiently apprised of the material presented in their absence to render an informed judgment. Consequently, the appeal is sustained.
Sferrazza, J.